**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 2 6 2011

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | NO. **1:11CR215** |
| | : | |
| GLENN A. COOK, | : | |
| VINCENT LAMAR HALL, | : | |
| T'MICHAEL JONES, | : | |
| ANTHONY GASQUE, | : | |
| PHILLIP LASHAWN MASSEY, and | : | |
| MAURICE JENKINS, a/k/a "Shorty." | : | |

THE GRAND JURY CHARGES THAT:

## COUNT ONE
(21 U.S.C. § 846 Conspiracy)

Beginning on a date unknown to the Grand Jury, but at least in or about May 2010, and continuing through on or about the date of the filing of this indictment, in the Northern District of Georgia and elsewhere, the defendants:

GLENN A. COOK and
PHILLIP LASHAWN MASSEY,

did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with each other, T'MICHAEL JONES, and other persons, known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally distribute and possess with the

intent to distribute a controlled substance, said conspiracy involving at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(ii).

## COUNT TWO
(21 U.S.C. § 846 - Conspiracy)

Beginning on a date unknown to the Grand Jury, but at least in or about June 2008, and continuing through on or about the date of the filing of this indictment, in the Northern District of Georgia and elsewhere, the defendants,

VINCENT HALL and
ANTHONY GASQUE,

did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with each other, T'MICHAEL JONES, and other persons, known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally distribute and possess with the intent to distribute a controlled substance, said conspiracy involving (1) at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(ii); and (2) at least one

hundred (100) kilograms of a mixture and substance containing a detectable amount

of marijuana, a Schedule I controlled substance, in violation of Title 21, United States

Code, Sections 846, 841(a)(1) and 841(b)(1)(B)(vii).

## COUNT THREE
21 U.S.C. § 841
(Possession with Intent to Distribute Cocaine)

On or about October 11, 2010, in the Northern District of Georgia and

elsewhere, the defendants,

GLENN A. COOK,
T'MICHAEL JONES
PHILLIP LASHAWN MASSEY,

aided and abetted by each other and others, known and unknown to the Grand Jury,

did knowingly and intentionally possess, with intent to distribute, a controlled

substance, that is, at least five hundred (500) grams of a mixture and substance

containing a detectable amount of cocaine hydrochloride, a Schedule II controlled

substance, in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## COUNT FOUR
18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance of a Drug Offense)

On or about October 11, 2010, in the Northern District of Georgia, and

elsewhere, the defendant,

PHILLIP LASHAWN MASSEY,

knowingly possessed a firearm, that is, a Taurus PT145 .45 caliber handgun, bearing

serial #NXD67062, in furtherance of a drug trafficking crime for which the defendant

may be prosecuted in a court of the United States, that is, a violation of Title 21,

United States Code, Section 841, as set forth in Count Three of this Indictment, all

in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

### COUNT FIVE
21 U.S.C. § 841
(Possession with Intent to Distribute Cocaine)

On or about October 25, 2010, in the Northern District of Georgia and

elsewhere, the defendants,

VINCENT LAMAR HALL,
T'MICHAEL JONES, and
ANTHONY GASQUE

aided and abetted by each other and others, known and unknown to the Grand Jury,

did knowingly and intentionally possess, with intent to distribute, a controlled

substance, that is at least five hundred (500) grams of a mixture and substance

containing a detectable amount of cocaine hydrochloride, a Schedule II controlled

substance, in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### COUNT SIX
### 21 U.S.C. § 841/846
(Attempted Possession with Intent to Distribute Cocaine)

On or about November 2, 2010, in the Northern District of Georgia and elsewhere, the defendants,

### T'MICHAEL JONES and
### MAURICE JENKINS, a/k/a "Shorty,"

aided and abetted by others, known and unknown, did knowingly and intentionally attempt to possess, with intent to distribute, a controlled substance, that is at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(ii), and Title 18, United States Code, Section 2.

### COUNT SEVEN
### 18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance of a Drug Offense)

On or about November 2, 2010, in the Northern District of Georgia, and elsewhere, the defendants,

### T'MICHAEL JONES and
### MAURICE JENKINS, a/k/a "Shorty,"

did knowingly possess a firearm in furtherance of a drug trafficking crime for which

the defendants may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841, as set forth in Count Six of this Indictment, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

COUNT EIGHT
21 U.S.C. § 841
(Possession with Intent to Distribute Cocaine)

On or about November 16, 2010, in the Northern District of Georgia and elsewhere, the defendants,

GLENN A. COOK and
T'MICHAEL JONES,

aided and abetted by others, known and unknown to the Grand Jury, did knowingly and intentionally possess, with intent to distribute, a controlled substance, that is, at least five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## COUNT NINE
18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance of a Drug Offense)

On or about November 16, 2010, in the Northern District of Georgia, and elsewhere, the defendant,

### T'MICHAEL JONES

did knowingly possess a firearm, that is, a Ruger P-95 9mm caliber handgun, bearing serial #315-46153, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841, as set forth in Count Eight of this Indictment, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT TEN
18 U.S.C. § 1956
(Money Laundering Conspiracy)

Beginning on a date unknown to the Grand Jury, but at least in or about June of 2010, and continuing through on or about the date of the filing of this indictment, in the Northern District of Georgia, and elsewhere, the defendant,

### GLENN A. COOK

did knowingly combine, conspire, confederate, agree and have a tacit understanding with others known and unknown to the Grand Jury, to commit certain offenses under

Title 18, United States Code, Section 1956 as follows:

 (a) to conduct and attempt to conduct a financial transaction in and affecting interstate commerce, which transaction involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, and that while conducting and attempting to conduct such financial transaction, knew the property involved in the financial transaction represented the proceeds of some form of unlawful activity,

  (1) with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956 (A)(i); and

 (b) to conduct and attempt to conduct a financial transaction in and affecting interstate commerce, which transaction involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, and that while conducting and attempting to conduct such

financial transaction, knew the property involved in the financial transaction represented the proceeds of some form of unlawful activity, knowing the transaction was designed in whole and in part

(1)    to conceal and disguise the nature, location, source, ownership, and control of proceeds of said unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(2)    to avoid a transaction reporting requirement under Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii);

all in violation of Title 18, United States Code, Section 1956 (h).

## COUNTS ELEVEN THROUGH EIGHTEEN
### 18 U.S.C. § 1956
### (Money Laundering)

On or about the dates listed below for each count, in the Northern District of Georgia, the defendant,

### VINCENT LAMAR HALL,

aided and abetted by others, knowingly conducted and attempted to conduct a financial transaction in and affecting interstate commerce, that is, the delivery,

disposition and transfer of the monetary instrument listed in each count below, which involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, with the intent to promote the carrying on of said specified unlawful activity, knowing the property in the financial transaction represented proceeds of some form of unlawful activity:

| | | |
|---|---|---|
| COUNT 11 | September 10, 2008 | $8,000.00 |
| COUNT 12 | September 29, 2008 | $7,000.00 |
| COUNT 13 | October 16, 2008 | $8,500.00 |
| COUNT 14 | November 10, 2008 | $3,000.00 |
| COUNT 15 | December 15, 2008 | $7,200.00 |
| COUNT 16 | October 13, 2010 | $4,533.00 |
| COUNT 17 | November 15, 2010 | $4,600.00 |
| COUNT 18 | December 13, 2010 | $4,500.00 |

all in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and Section 2.

## COUNT NINETEEN
26 U.S.C. 7206(1)
(Tax Evasion)

On or about October 30, 2007, in the Northern District of Georgia, the defendant,

### VINCENT LAMAR HALL,

did willfully make and subscribe a U.S. Individual Income Tax Return (Form 1040) for the 2005 tax year, which he verified under penalty of perjury, and which he filed and caused to be filed with the Internal Revenue Service knowing and having reason to know that it was not true and correct as to every material matter, in that, as defendant VINCENT LAMAR HALL then and there well knew and believed, he made a material understatement of his Adjusted Gross Income and misreported his Adjusted Gross Income for the 2005 tax year, all in violation of Title 26, United States Code, Section 7206(1).

## COUNT TWENTY
26 U.S.C. 7206(1)
(Tax Evasion)

On or about February 15, 2008, in the Northern District of Georgia, the defendant,

### VINCENT LAMAR HALL,

did willfully make and subscribe an Amended U.S. Individual Income Tax Return (Form 1040X) for the 2006 tax year, which he verified under penalty of perjury, and which he filed and caused to be filed with the Internal Revenue Service knowing and having reason to know that it was not true and correct as to every material matter, in that, as defendant VINCENT LAMAR HALL then and there well knew and believed, he made a material understatement of his Adjusted Gross Income and misreported his Adjusted Gross Income for the 2006 tax year, all in violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE PROVISION

1.    Upon conviction of one or more of the controlled substance offenses alleged in Counts One, Two, Three, Five, Six, and Eight of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

   a.    A sum of money equal to the amount of proceeds the defendants obtained as a result of the offenses. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

b.   The real property located at the following addresses:

    i.   5594 Shadow Rock Drive, LITHONIA, DEKALB COUNTY, GEORGIA, and all buildings and appurtenances thereon, more particularly described as follows:

ALL THAT OR PARCEL of Land lying and being in Land Lot 64 of the 16th District of DeKalb County, Georgia, and being more particularly described as follows:

To find the true point of beginning, begin at the intersection of the northerly right of way of Patillo Way (80 foot right of way) and the Easterly right of way of Shadow Rock Drive (60 foot right of way); running thence northwesterly along the northeasterly right of way of Shadow Rock Drive 1380.32 feet to an iron pin and the true point of beginning running thence south 68 degrees 58 minutes 00 seconds west 36.65 feet to the centerline of Shadow Rock Drive; running thence 93.62 feet northwest along the centerline of Shadow Rock Drive; running thence north 59 degrees 33 minutes 54 seconds east 32.41 feet to an iron pin on the northeasterly right of way of Shadow Rock Drive, 671.85 feet to A ½ inch rebar; running thence south 01 degree 23 minutes 33 seconds west 213.24 feet to an angle iron; running thence south 68 degrees 58 minutes 00 seconds west 532.75 feet to an iron pin and the true point of beginning; said tract containing 2.00 acres more or less, including the area to the centerline of Shadow Rock Drive.

Thence North 49 degrees 33 minutes twenty five seconds west, along Shadow Rock Drive, 103.76 feet to a point; north 60 degrees 5 minutes 45 seconds east.

    ii.   4015 Jailette Road, Atlanta, Fulton County, Georgia, and all buildings and appurtenances thereon, to include all that tract or parcel of land lying and being in land lot 177, 9th district, Fulton County, Georgia and being more particularly described as follows:

Beginning at an iron pin located on the northwesterly side of Jailette Road, 440 Feet northeasterly from the intersection formed by the northwesterly side of Jailette Road with the Northeasterly right of way of Thaxton Road (50 Foot right of way); Said point of beginning also being at the intersection formed by Northwesterly side of Jailette Road with the Northeasterly line of property now or formerly owned by Carle E. Mullis; Running thence northeasterly along the northwesterly side of Jailette Road, 160 feet; Continuing thence northeasterly along the northwesterly side of Jailette Road at an interior angle of 166 Degrees 60 minutes with the last preceding course, 140 feet; continuing thence northeasterly along the northwesterly side of Jailette Road at an interior angle of 180 degrees 26 minutes with the last preceding course, 100 feet to an iron pin; running thence northwesterly at an interior angle of 117 degrees 02 minutes with the last preceding course, 491.4 feet to property now or formerly owned by Raymond Wallace; Running thence Southerly along the easterly line of said Wallace property and property now or formerly owned by Smith, 433.1 feet to an iron pin and said Mullis property; Running thence southeasterly along the northeasterly line of said Mullis property and at an interior angle of 128 degrees 45 minutes with the last preceding course, 385.8 feet to an iron pin located on the northwesterly side of Jailette Road and the point of beginning, as per survey prepared for L. Guy Winters by Harold L. Bush, surveyor, Dated May 24, 1967.

c.   The following vehicles:

  i.   One silver 2005 Acura RL, bearing VIN JH4KB16535C004219, and displaying Georgia Tag No. BQ94EP;

  ii.   One brown 2008 Chevrolet Silverado, bearing VIN 1GCHK23K08F201167, and displaying Georgia Tag No. BQ2BCG;

  iii.   One 2007 Cadillac Escalade, bearing VIN 1GYFK66817R239528,

and displaying Georgia Tag No. BQ7AWH;

iv. One white 1959 Ford Thunderbird, bearing VIN H9YJ118914, and displaying Georgia Tag No. HA40X6;

v. One silver 2004 Chevrolet Silverado, bearing VIN 1GCGK23U74F194273, and displaying Georgia Tag No. BQ88EP;

vi. One black 2007 Maserati Quattroporte Q 4S, bearing VIN ZAMCE39A670028211, and displaying Georgia Tag No. BRN6367;

vii. One silver 2001 Mercedes Benz S600, bearing VIN WDBNG78JX1A207254, and displaying Georgia Tag No. 2325AHY;

viii. One yellow 2001 GM Hummer, bearing VIN 137ZA90301E193454, and displaying Georgia Tag No. 4498ACL;

ix. One 2006 silver Mercedes Benz CLS500C, bearing VIN WDDDJ75X66A066266, and displaying Georgia Tag No. BWK1092.

d. The following firearms and ammunition:

i. One Taurus PT145 .45 caliber handgun, bearing serial #NXD67062,

ii. One Ruger P-95 9mm caliber handgun, bearing serial #315-46153.

2. Upon conviction of one or more of the money laundering offenses alleged in Counts Ten through Eighteen of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section

982(a)(1), all property, real and personal, involved in the offenses, and any property

traceable to such offenses, including but not limited to the following:

a.     A sum of money in United States currency equal to the total value of property involved in each offense for which the defendants are liable. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

b.     The real property located at the following addresses:

i.     5594 Shadow Rock Drive, LITHONIA, DEKALB COUNTY, GEORGIA, and all buildings and appurtenances thereon, more particularly described as follows:

ALL THAT OR PARCEL of Land lying and being in Land Lot 64 of the 16th District of DeKalb County, Georgia, and being more particularly described as follows:

To find the true point of beginning, begin at the intersection of the northerly right of way of Patillo Way (80 foot right of way) and the Easterly right of way of Shadow Rock Drive (60 foot right of way); running thence northwesterly along the northeasterly right of way of Shadow Rock Drive 1380.32 feet to an iron pin and the true point of beginning running thence south 68 degrees 58 minutes 00 seconds west 36.65 feet to the centerline of Shadow Rock Drive; running thence 93.62 feet northwest along the centerline of Shadow Rock Drive; running thence north 59 degrees 33 minutes 54 seconds east 32.41 feet to an iron pin on the northeasterly right of way of Shadow Rock Drive, 671.85 feet to A ½ inch rebar; running thence south 01 degree 23 minutes 33 seconds west 213.24 feet to an angle iron; running thence south 68 degrees 58 minutes 00 seconds west 532.75 feet to an iron pin and the true point of beginning; said tract containing 2.00 acres more or less, including the area to the

centerline of Shadow Rock Drive.

Thence North 49 degrees 33 minutes twenty five seconds west, along Shadow Rock Drive, 103.76 feet to a point; north 60 degrees 5 minutes 45 seconds east.

ii. 4015 Jailette Road, Atlanta, Fulton County, Georgia, and all buildings and appurtenances thereon, to include all that tract or parcel of land lying and being in land lot 177, 9th district, Fulton County, Georgia and being more particularly described as follows:

Beginning at an iron pin located on the northwesterly side of Jailette Road, 440 Feet northeasterly from the intersection formed by the northwesterly side of Jailette Road with the Northeasterly right of way of Thaxton Road (50 Foot right of way); Said point of beginning also being at the intersection formed by Northwesterly side of Jailette Road with the Northeasterly line of property now or formerly owned by Carle E. Mullis; Running thence northeasterly along the northwesterly side of Jailette Road, 160 feet; Continuing thence northeasterly along the northwesterly side of Jailette Road at an interior angle of 166 Degrees 60 minutes with the last preceding course, 140 feet; continuing thence northeasterly along the northwesterly side of Jailette Road at an interior angle of 180 degrees 26 minutes with the last preceding course, 100 feet to an iron pin; running thence northwesterly at an interior angle of 117 degrees 02 minutes with the last preceding course, 491.4 feet to property now or formerly owned by Raymond Wallace; Running thence Southerly along the easterly line of said Wallace property and property now or formerly owned by Smith, 433.1 feet to an iron pin and said Mullis property; Running thence southeasterly along the northeasterly line of said Mullis property and at an interior angle of 128 degrees 45 minutes with the last preceding course, 385.8 feet to an iron pin located on the northwesterly side of Jailette Road and the point of beginning, as per survey prepared for L. Guy Winters by Harold L. Bush, surveyor, Dated May 24, 1967.

c.   The following vehicles:

   i.   One silver 2005 Acura RL, bearing VIN JH4KB16535C004219, and displaying Georgia Tag No. BQ94EP;

   ii.   One brown 2008 Chevrolet Silverado, bearing VIN 1GCHK23K08F201167, and displaying Georgia Tag No. BQ2BCG;

   iii.   One 2007 Cadillac Escalade, bearing VIN 1GYFK66817R239528, and displaying Georgia Tag No. BQ7AWH;

   iv.   One white 1959 Ford Thunderbird, bearing VIN H9YJ118914, and displaying Georgia Tag No. HA40X6;

   v.   One silver 2004 Chevrolet Silverado, bearing VIN 1GCGK23U74F194273, and displaying Georgia Tag No. BQ88EP;

   vi.   One black 2007 Maserati Quattroporte Q 4S, bearing VIN ZAMCE39A670028211, and displaying Georgia Tag No. BRN6367;

   vii.   One silver 2001 Mercedes Benz S600, bearing VIN WDBNG78JX1A207254, and displaying Georgia Tag No. 2325AHY;

   viii.   One yellow 2001 GM Hummer, bearing VIN 137ZA90301E193454, and displaying Georgia Tag No. 4498ACL;

   ix.   One 2006 silver Mercedes Benz CLS500C, bearing VIN WDDDJ75X66A066266, and displaying Georgia Tag No. BWK1092.

d.    The following firearms and ammunition:

    i.    One Taurus PT145 .45 caliber handgun, bearing serial #NXD67062, and

    ii.    One Ruger P-95 9mm caliber handgun, bearing serial #315-46153.

3.    Upon conviction of the offense alleged in Count Four of this Indictment, the defendant, PHILLIP LASHAWN MASSEY, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in the commission of the offense, including but not limited to the following:

a.    one Taurus PT145 .45 caliber handgun, bearing serial #NXD67062.

4.    Upon conviction of the offense alleged in Count Nine of this Indictment, the defendant, T'MICHAEL JONES, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in the commission of the offense, including but not limited to the following:

a.    one Ruger P-95 9mm handgun, bearing serial #315-46153.

5.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of

the forfeitable property described above; all pursuant to Title 21, United States Code,

Section 853, Title 18, United States Code, Sections 924(d) and 982(b), and Title 28,

United States Code, Section 2461(c).

A _____ True _____ / BILL.

_____
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

CASSANDRA J. SCHANSMAN
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 183184

SUSAN COPPEDGE
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 187251

MICHAEL J. BROWN
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 064437

600 Richard B. Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303
404/581-6000 (office)
404/581-6171 (fax)